

PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

February 10, 1948

Hon. J. P. Gibbs, Commissioner
Casualty Insurance Division
Board of Insurance Commissioners
Austin 14, Texas

Attention:  Mr. Ned Price, Director
Title Section

Opinion No. V-495

Re:  Whether agreement by repre-
sentative of a title insurer
to pay a portion of the in-
surer's losses constitutes
a reinsurance agreement; and
whether such an agreement vio-
lates Section 11 of Article
1302a, V. C. S.

Dear Sir:

Your letter of December 30 states that the Kan-
sas City Title Company, a title insurance company qualified
and operating under the provisions of Article 1302a, V.C.
S., has entered into an agreement with the Hexter Abstract
and Title Company, an abstract company not qualified to
operate as a title company under Article 1302a, V.C.S.,
as its representative for the issuance of title insurance.
The agreement provides in part as follows:

"It being mutually agreed and understood
as a part of the consideration for this con-
tract that Agent hereby agrees to pay all loss-
es and claims under any policy written by Agent
up to the sum of $1,000.00; and to indemnify
Company from any and all loss of any nature or
kind on any policy, commitment to insure or
binder issued by Agent on all losses or claims
up to $1,000.00; and further agrees to pay one-
half of any and all loss incurred under any
policy issued by Agent over $1,000.00 up to and
including $10,000.00; and to indemnify Company
from any and all loss of any nature or kind on
any policy, commitment to insure or binder is-
sued by Agent to the extent of one-half of any
sum in excess of $1,000.00 up to and including
$10,000.00."

You request an opinion on the following questions:

"1. Does the above quoted provision constitute a reinsurance agreement between Kansas City Title Company and Hexter Abstract and Title Company?

"2. If your answer to question No. 1 is to the effect that the agreement between the Kansas City Title Company and the Hexter Abstract and Title Company is one of reinsurance, then please advise whether or not the agreement is in violation of that part of Section 11 of Article 1302(a), which provides, 'such Company operating under the provisions of this Act may reinsure any or all of its business provided the reinsuring company shall be qualified to do business in Texas and the reinsuring contract shall be first approved by the Board of Insurance Commissioners!"

As to your first question, the agreement clearly constitutes a reinsurance agreement. Reinsurance is defined in Couch, Cyclopedia of Insurance Law, Section 2256, and in 24 Tex. Jur., page 1293, as a contract whereby one for a consideration agrees to indemnify another, either in whole or in part, against loss or liability the risk of which the latter has assumed under a separate and distinct contract as insurer of a third party.

As to your second question, Section 11 of Article 1302a, which you quote, having provided for the circumstances under which companies operating thereunder might reinsure their risks, there is an implied prohibition to such companies reinsuring in any other manner. It is our opinion, therefore, that the agreement is in violation of the quoted portion of Section 11 of Article 1302a.

## SUMMARY

An agreement by an abstract company not qualified to operate as a title company under Article 1302a, V. C. S., to indemnify a title company which it represents against any portion of the losses sustained by such title company on policies issued by the abstract company constitutes a reinsurance agreement.

Such an agreement would violate Sections 3 and 11 of Article 1302a, V. C. S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ned McDaniel_
Ned McDaniel
Assistant

APPROVED:

_Fagan Dickson_
FIRST ASSISTANT
ATTORNEY GENERAL

NMc:jmc:jrb